**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CBV, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEIRDRE LEANE and IPNAV, LLC,<br><br>Defendants. | Civil Action No. 25-1226-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendants Deidre Leane ("Ms. Leane") and IPNAV, LLC's ("IPNAV") (together, "Defendants") Motion to Dismiss Plaintiff CBV, Inc.'s ("CBV" or "Plaintiff") Complaint (D.I. 7) ("Defendants' Motion to Dismiss"), which has been fully briefed. D.I. 8; D.I. 10; D.I. 13. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

## I. BACKGROUND

The following are factual allegations from Plaintiff's Complaint (D.I. 2) that the Court accepts as true for the purpose of resolving Defendants' Motion to Dismiss.[1]

### A. The Parties

CBV "is a Pennsylvania corporation with its principal place of business at 848B North Hanover Street, Carlisle, Pennsylvania 17013." D.I. 2 ¶ 17.

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in Plaintiffs' Complaint and view those facts in the light most favorable to Plaintiffs. *See Fed. Trade Comm'n v. AbbVie Inc.*, 976 F.3d 327, 351 (3d Cir. 2020).

Ms. Leane is "an adult individual, foreign national, and lawful permanent resident of Texas, residing at 6422 Bryan Parkway, Dallas, TX 75214. Ms. Leane formed Defendant ChanBond, a Delaware limited liability company, on about August 15, 2014, while she was employed at IP Navigation Group, LLC." *Id.* ¶ 19.

IPNAV is "a Texas limited liability company with a principal place of business located at 6422 Bryan Parkway, Dallas, TX 75214. Dierdre Leane incorporated IPNAV in order to take over IP Navigation's business upon the retirement of Erich Spangenberg. . . . Ms. Leane is the sole member of IPNAV." *Id.* ¶ 18.

**B. Relevant Allegations and Evidence Regarding the Motion to Dismiss**

CBV owned certain patents (the "Patents") for "delivering high-speed data over cable systems." *Id.* ¶ 20. On or about October 31, 2013, CBV met with a company called IP Navigation and its founder Erich Spangenberg ("Mr. Spangenberg") to discuss monetizing the Patents. *Id.* ¶ 21. Mr. Spangenberg proposed entering into a Patent Purchase Agreement ("PPA") whereby "(i) CBV provides the Patents, (ii) financing is obtained (iii) legal enforcement costs are divided between the parties, (iv) both parties share any net revenue, and (v) up-front money is paid back double." *Id.* ¶ 22. Mr. Spangenberg then retired and "turned his business over to Ms. Leane who formed ChanBond to execute the PPA agreement with CBV on April 6, 2015." *Id.* ¶ 23. Ms. Leane also "incorporated IPNAV in order to take over IP Navigation's business upon the retirement of Erich Spangenberg." *Id.* ¶ 18.

"Pursuant to the PPA, CBV was to receive a $1,000,000 threshold payment and fifty percent (50%) of ChanBond's Net Recovery after approved deductions from the Gross Recovery Trust." *Id.* ¶ 6. In addition to the Net Recovery, "Ms. Leane . . . secretly created a fresh 22% stake in ChanBond on behalf of her company IPNAV" via an Advisory Services Agreement ("ASA"). *Id.* ¶¶ 2, 7. Then, on October 27, 2015, Ms. Leane, ChanBond, and UnifiedOnline LLC

("Unified") "entered into an Interest Sale Agreement (ISA) by which Leane sold her interest in ChanBond to Unified, while retaining her 22% stakeholder interest in ChanBond via the ASA." *Id.* ¶ 30.

On September 25, 2015, infringement suits were filed over the Patents. *Id.* ¶ 33. Following a jury trial before Judge Richard G. Andrews, the parties settled for $125,000,000. *Id.* ¶¶ 34, 35. The proceeds from these lawsuits were "placed into the ChanBond 'Gross Recovery Trust'." D.I. 10 at 6. Pursuant to Section 3.3.2 of the PPA, CBV was entitled to "the Net Recovery of $30,506,583" from the settlement of the infringement suits. *Id.* ¶ 37; D.I. 10 at 6. However, "CBV only received $14 million of its Net Recovery because the [remaining] $16,506,583 balance was unfairly distributed to . . . Defendants." *Id.* ¶ 3.

On October 15, 2021, CBV initiated an action in this Court (C.A. No. 21-1456) to ensure receipt of its Net Recovery balance. *Id.* ¶ 38. The parties eventually settled. *Id.* ¶ 46. Pursuant to the settlement, Defendants received their $30 million demand from ChanBond's Gross Recovery Trust in November 2022, and CBV received $4 million from ChanBond's Gross Recovery Trust. *Id.* ¶ 48, 50. CBV alleges that the $30 million demand "depleted ChanBond's Gross Recovery Trust making it insufficient to satisfy CBV's balance of its Net Recovery." *Id.* ¶ 48. Thus, CBV brought this action for unjust enrichment to seek recourse directly from Defendants. *Id.* ¶ 49.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction." *ACCO Brands USA LLC v. Performance Designed Prods. LLC*, C.A. No. 23-437-GBW, 2024 WL 181545, at *1 (D. Del. Jan. 17, 2024). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by establishing with reasonable

particularity sufficient contacts between the defendant and the forum state." *Turner v. Prince George's Public Schools*, 694 F. App'x 64, 66 (3d Cir. 2017). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F. 3d 93, 97 (3d Cir. 2004). "If a plaintiff makes factual allegations that suggest the possible existence of requisite contacts between the defendant and the forum state with reasonable particularity, the Court should order jurisdictional discovery." *ACCO Brands USA LLC*, 2024 WL 181545, at *2 (cleaned up).

"The determination of whether the court has personal jurisdiction over a party requires a two-part analysis." *Id.* at *1 (citation omitted). "First, the court must determine whether a defendant's actions fall within the scope of a state's long-arm statute." *Id.* "Second, the exercise of jurisdiction over the defendant must comport with the Due Process Clause of the Fourteenth Amendment." *Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 207 (D. Del. 2022), *aff'd*, No. 22-3121, 2023 WL 6291784 (3d Cir. Sep. 27, 2023). Delaware's long arm-statute "has been broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause." *LaNuova D&B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986). "Due process requires that sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *Tristrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008) (citations omitted); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "This minimum contacts doctrine can be met through a showing of general jurisdiction or specific jurisdiction." *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 666 (D. Del. 2018) (citation omitted).

## III. DISCUSSION

### A. The Court Lacks Personal Jurisdiction Over Defendants

Defendants assert that the Court lacks both general and specific jurisdiction. The Court begins its analysis with general jurisdiction. A court has general jurisdiction over a defendant whose "affiliations with the state are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924; *see also* *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) ("The 'paradigm' forums in which a corporate defendant is 'at home,' we explained, are the corporation's place of incorporation and its principal place of business."). In the instant action, Defendants point out that "[t]here is no claim that Defendants are subject to general jurisdiction in Delaware." D.I. 8 at 7. Plaintiff does not dispute this in its answering brief. *See* D.I. 10 at 9 (not disputing). The Court agrees and concludes that it lacks general jurisdiction over Defendants. Per the complaint, IPNAV is a Texas limited liability company with a principal place of business in Texas, and Ms. Leane is a permanent resident of Texas. *See* D.I. 2 ¶¶ 18, 19. None of the allegations in Plaintiff's complaint indicate that either Defendant would be considered "at home" in Delaware.

Moving to specific jurisdiction, Plaintiff claims that Defendants consented to personal jurisdiction in the District of Delaware by "'instituting another, related suit' that has 'some logical relationship' to the present suit." D.I. 10 at 9 (quoting *Yankees Entm't & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 207 (D. Del. 2022), *aff'd*, 2023 WL 6291784 (3d Cir. Sep. 27, 2023)). The lawsuit that Plaintiff claims is related is captioned *CBV, Inc. v. ChanBond, LLC* ("*CBV I*"), C.A. No. 21-1456-GBW. Defendants raise three counterpoints: (1) Defendants

did not institute *CBV I*; (2) *CBV I* lacks a logical relationship to the present suit for the purpose of consent; and (3) nothing in Delaware's long-arm statute would otherwise subject Defendants to personal jurisdiction in this action. *See* D.I. 13 at 1-4; D.I. 8 at 8. The Court addresses each argument in turn.

*First*, the parties dispute whether Defendants can be said to have "instituted" *CBV I*. In Plaintiff's view, by intervening and asserting counterclaims in *CBV I*, Defendants consented to personal jurisdiction in the present action. D.I. 10 at 9. Defendants respond that Defendants intervened as necessary parties in *CBV I*, and that its counterclaims in that action were compulsory. D.I. 13 at 1-2. Since Defendants neither filed the action nor chose the forum in *CBV I*, Defendants maintain that they have not consented to personal jurisdiction in the instant lawsuit. *Id.* at 2.

The Court agrees with Defendants. "[T]he requirement that a court have personal jurisdiction comes from the Due Process Clause's protection of the defendant's personal liberty interest." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807 (1985). With that principle in mind, courts have found that a defendant has "purposefully availed itself of the benefits and protections of the forum by instituting" a related suit. *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 25 (1st Cir. 1991). That rationale makes sense because when a defendant has filed a related suit, it is the *defendant* who chose the forum in the related suit and, thus, consented to that forum for parallel issues arising from the same transaction. *See Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 23 (1st Cir. 1991) (explaining that an "unjust asymmetry" would arise if a defendant could "enjoy the full benefits of access to a state's courts" as a plaintiff while "retaining immunity from the courts' authority" as a defendant). Indeed, the cases on which Plaintiff relies involve situations where the *defendant* filed the allegedly related lawsuit. *See, e.g.*, *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, C.A. No. 91-214-SLR, 1993 WL 669447,

at *3 (D. Del. Jan. 4, 1993) (finding that the defendant consented to jurisdiction in a second lawsuit by filing the first lawsuit); *Yankees Ent't & Sports Network, LLC*, 634 F. Supp. 3d at 207 (analyzing whether a different lawsuit filed by the defendant was related). Here, in contrast, Defendants intervened in *CBV I* as necessary parties (and were defendants in that action). Thus, the Court cannot import the reasoning from *Foster Wheeler* and *Yankees Entertainment* to the present, materially different circumstances. Moreover, Plaintiff has not identified any examples where a court has found that filing counterclaims as a defendant in a related lawsuit qualifies as "instituting" a lawsuit for purposes of consenting to personal jurisdiction. Nor can the Court square Plaintiff's argument with the overarching policy principle of protecting a defendant's liberty interest in litigating in a forum with which it has ties. *See Shaffer v. Heitner*, 433 U.S. 186, 186 (1977) (explaining that *in personam* jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation").

*Second*, the parties dispute whether *CBV I* qualifies as a related lawsuit for purposes of personal jurisdiction. Because the Court has already found that Defendants did not institute the action in *CBV I* and thus did not consent to Delaware as a forum in the instant action, the Court need not analyze this issue.

*Third*, the Court cannot identify any other provision of Delaware's long-arm statute that would confer personal jurisdiction over Defendants. *See Foster Wheeler*, 1993 WL 669447, at *2 ("In the absence of consent, the determination of whether personal jurisdiction exists is a two-step process under Delaware law."). Pursuant to Delaware's long-arm statute, this Court may exercise personal jurisdiction over any defendant who, *inter alia*, "[t]ransacts any business or performs any character of work or service in the State," "[c]ontracts to supply services or things in this State," "[c]auses tortious injury in the State by an act or omission in this State," and "[c]auses tortious

injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the state." 10 Del. C. § 3104(c)(1), (3), (4).

Here, Plaintiff has made no such showing. IPNAV is a Texas limited liability company with its principal place of business in Dallas, Texas. D.I. 2 ¶ 18. Ms. Leane is a permanent resident of Dallas, Texas. *Id.* ¶ 19. The "injury allegedly suffered by CBV occurred at the location of the ChanBond accounts at issue," which is in Dallas, Texas. D.I. 8 at 8; *see generally* D.I. 10 (not disputing). Similarly, "ChanBond's payment to IPNAV arose out of the Texas ASA between ChanBond and IPNAV and the Texas arbitration award that determined that ChanBond was required to pay IPNAV its Fee." D.I. 8 at 9; *see generally* D.I. 10 (not disputing). Plaintiff has not alleged that any of the relevant events occurred in Delaware, or that Defendants regularly do business in Delaware. Plaintiff also has not provided any argument regarding Delaware's long-arm statute, instead relying wholly on its theory of consent for personal jurisdiction.

For all the above reasons, the Court finds that it lacks personal jurisdiction over Defendants. Texas, as opposed to Delaware, has personal jurisdiction over Defendants and is the appropriate forum for this action.

## IV. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

* * * * *

WHEREFORE, at Wilmington this 22nd day of October 2026, **IT IS HEREBY ORDERED** that Defendants Deidre Leane and IPNAV, LLC's Motion to Dismiss Plaintiff CBV,

Inc.'s Complaint (D.I. 7) is **GRANTED**. Plaintiff's Complaint (D.I. 2) is **DISMISSED WITHOUT PREJUDICE**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE